**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL DAVIS,

      Plaintiff,

  v.                                    No. CIV 14-0518 MV/SMV

DAN HUSTON (SHERIFF),
BERNALILLO COUNTY
MDC (METROPOLITAN DETENTION
CENTER),
CHIEF RAMON C. RUSTIN (WARDEN),
MENTAL HEALTH DEPT. & MEDICAL DEPT.,

      Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint,

the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff and a number of other inmates of the Bernalillo County Metropolitan Detention Center ("MDC") were transferred to a facility in Texas as part of the County's efforts to reduce overcrowding.   Plaintiff alleges that he was not allowed to contact his attorney before the transfer.   He complains of being shackled and denied restroom breaks during transport, although he acknowledges that the bus had a toilet.   Plaintiff was a pretrial detainee, and the transfer allegedly deprived him of access to the courts.   Plaintiff contends that Defendants' actions violated a number of his federal and state law protections, and he seeks damages.

Plaintiff's allegations about the transfer itself do not support his claims of due process or equal protection violations, or of cruel and unusual punishment.   First, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992); *quoted in Cabrera v. Trammell*, 488 F. App'x 294, 295 (10th Cir. 2012).   And second, Plaintiff makes no allegation of some form of disparate treatment, that is, that similarly situated individuals are treated differently, the complaint fails to provide a basic element of an Equal Protection claim.   *See, e.g., Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence*, 927 F.2d 1111, 1118 (10th Cir. 1991).   He does not allege that he was the only pretrial detainee that was transferred, nor that the transfer amounted to discriminatory treatment originating in impermissible class discrimination.   *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).   The Court will dismiss Plaintiff's constitutional claims arising from the transfer itself.

Furthermore, as unpleasant as the transport may have been, Plaintiff's allegations do not

state a claim of unconstitutional conditions during the trip.   Nothing less than the " 'unnecessary and wanton infliction of pain' implicates the Eighth Amendment."   *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976), and *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).   "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety."   *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).   Plaintiff's complaint does not allege that the named individual Defendants disregarded a known excessive risk to his health and safety.   His claims of Eighth Amendment violations during transport will be dismissed.

Plaintiff's factual allegations also fail to support his claim of denial of access to the courts. He alleges only that he lost access to legal materials during the transfer.   Plaintiff does not assert that Defendants' actions led "directly and inextricably . . . to the adverse disposition of his underlying case," *Simkins v. Bruce*, 406 F.3d 1239, 1244 (10th Cir. 2005) (citation omitted), and thus his difficulties did not amount to a "relevant actual injury," *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   The Court will dismiss Plaintiff's claim of denial of access to the courts.

Nor is relief available on Plaintiff's "Medical Negligence" claim in Count II, even if this claim were construed under the Eighth Amendment.   He identifies no injury caused by being included in the transfer in spite of his medical conditions.   His complaint, therefore, raises only a hypothetical claim.   Under the constitutional requirement of standing to bring a § 1983 claim, a plaintiff must "establish relevant actual injury" caused by a defendant's actions.   *Lewis v. Casey*, 518 U.S. 343, 351 (1996).   Here, because Plaintiff does not assert an injury resulting from a medical condition that Defendants intentionally ignored, his medical claim is "the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison

infirmary." *Id.* Plaintiff's complaint does not state an Eighth Amendment claim for denial of medical treatment, and the Court will dismiss Plaintiff's federal claims.

Last, Plaintiff contends that Defendants' alleged actions violated certain of his rights under state law. In view of the dismissal of all federal claims against Defendants, the question arises whether the Court should exercise jurisdiction of Plaintiff's state law claims. It is assumed for purposes of this opinion that this Court has "supplemental jurisdiction" of these claims. *See* 28 U.S.C. § 1367(a). The Court may, nonetheless, "decline to exercise supplemental jurisdiction over a claim . . . if-- . . . the district court has dismissed all claims over which it has original jurisdiction." § 1367(c)(3). Under the terms of the statute, the Court declines to exercise supplemental jurisdiction and will dismiss Plaintiff's state law claims without prejudice to his right to pursue these claims in a state forum. *See Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) (remanding case to district court with directions to dismiss state law claims without prejudice); *but cf. Styskal v. Weld Cnty. Bd. of Cnty. Comm'rs*, 365 F.3d 855, 859 (10th Cir. 2004) (rejecting assertion that federal court's dismissal of state law claims with prejudice precludes adjudication of the claims in state court).

IT IS THEREFORE ORDERED that Plaintiff's state law claims are DISMISSED without prejudice, otherwise the complaint is DISMISSED with prejudice, and judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE